**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 1:13-cv-23505-MGC**[1]

CARLOS DIAZ,

    Plaintiff,

vs.

PUERTO MADERO
INTERNATIONAL CORP.,

    Defendant.

---

**DEFENDANT PUERTO MADERO INTERNATIONAL CORP.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FLSA COMPLAINT**[2]

---

The Defendant, PUERTO MADERO INTERNATIONAL CORP., by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

1. Defendant admits the allegations of Paragraph 1 to the extent that Plaintiff purports to allege a cause of action pursuant to 29 U.S.C. § 201 *et seq.* on behalf of himself and others. Defendant denies Plaintiff or others are entitled to any relief. Otherwise denied.

2. Defendant admits the allegations of Paragraph 2 to the extent that Plaintiff is employed as a waiter in its Miami restaurant. Otherwise denied.

---

[1] This matter was originally filed in the Circuit Court of the 11th Judicial Circuit in and for Miami Dade County Florida, bearing Case No. 2013-27185-CA-01 and removed to this Court by the Defendant.

[2] Headings in this Answer and Affirmative Defenses mirror the headings in the Complaint, and are used for organizational purposes only.

*Diaz, Carlos v. Puerto Madero International Corp.*
Case No. 1:13-cv-23505-MGC

3.	Paragraph 3 calls for a legal conclusion to which a response is not required. To the extent a response to the allegations contained in Paragraph 3 is required, the allegations of Paragraph 3 are denied.

4.	The allegations of Paragraph 4 are admitted to the extent that the Defendant does business in Miami Dade County, Florida, and has gross annual revenue in excess of $500,000. Otherwise denied.

5.	Paragraph 5 calls for a legal conclusion to which a response is not required. To the extent a response to the allegations contained in Paragraph 5 is required, the allegations of Paragraph 5 are denied.

6.	Defendant admits the allegations of Paragraph 6 to the extent that Plaintiff purports to allege a cause of action pursuant to 29 U.S.C. § 201 *et seq.* on behalf of himself and others. Defendant denies Plaintiff or others are entitled to any relief. Otherwise denied.

7.	The allegations of Paragraph 7 are admitted to the extent that the cited statutes, 28 U.S.C. § 1337 and 29 U.S.C. § 216 (b) speak for themselves. Otherwise denied.

8.	Paragraph 8 calls for a legal conclusion to which a response is not required. To the extent a response to the allegations contained in Paragraph 8 is required, the allegations of Paragraph 8 are denied.

9.	The allegations of Paragraph 9 are denied.

## COUNT I
## RECOVERY OF MINIMUM WAGE VIOLATIONS
## AGAINST THE EMPLOYER

10.	Defendant, PUERTO MADERO INTERNATIONAL CORP., reaffirms its responses

*Diaz, Carlos v. Puerto Madero International Corp.*
Case No. 1:13-cv-23505-MGC

to paragraphs 1-9 above.

      11.    The allegations of Paragraph 11 are denied.

      12.    The allegations of Paragraph 12 are denied.

      13.    The allegations of Paragraph 13 are denied.

      14.    The allegations of Paragraph 14 are denied.

The allegations contained in the *ad damnum* clause of Count I are denied, and Defendant demands strict proof thereof.

## COUNT II
## RECOVERY OF MINIMUM WAGE VIOLATIONS
## AGAINST THE EMPLOYER

      15.    Defendant, PUERTO MADERO INTERNATIONAL CORP., reaffirms its responses to paragraphs 1-9 above.

      16.    Paragraph 16 prefaces sub paragraphs 16 a. through 16 h. and does not appear to contain any factual allegations to which a response would be required. To the extent the allegations of Paragraph 16 require a response, those allegations are denied.

      16 a.    The Defendant is without knowledge as to identity of the employees referenced by the term "Tipped Employees" as used by Plaintiff. To the extent that the allegations of Paragraph 16 a require a response, those allegations are denied.

      16 b.    The allegations of Paragraph 3b are denied.

      16 c.    The allegations of Paragraph 3c are denied.

      16 d.    The allegations of Paragraph 3d are denied.

*Diaz, Carlos v. Puerto Madero International Corp.*
Case No. 1:13-cv-23505-MGC

      16 e.    The allegations of Paragraph 3e are denied.

      16 f.    The allegations of Paragraph 3f are denied.

      16 g.    The allegations of Paragraph 3g are denied.

      16 h.    The allegations of Paragraph 3h are denied.

17.    The allegations of Paragraph 17 are denied.

18.    The allegations of Paragraph 18 are denied.

19.    Paragraph 19 calls for a legal conclusion to which a response is not required. To the extent a response to the allegations contained in Paragraph 19 is required, the allegations of Paragraph 19 are denied.

20.    The allegations of Paragraph 20 are denied.

21.    The allegations of Paragraph 21 are denied.

22.    The allegations of Paragraph 22 are denied.

The allegations contained in the *ad damnum* clause of Count II are denied, and Defendant demands strict proof thereof.

## COUNT III
## VIOLATION OF THE FMLA
## AGAINST THE EMPLOYER

23.    Defendant, PUERTO MADERO INTERNATIONAL CORP., reaffirms its responses to paragraphs 1-9 above.

24.    Defendant admits the allegations of Paragraph 24 to the extent that Plaintiff purports to allege a cause of action pursuant to 29 U.S.C. § 2601 *et seq.* Defendant denies Plaintiff or others are entitled to any relief. Otherwise denied.

*Diaz, Carlos v. Puerto Madero International Corp.*
Case No. 1:13-cv-23505-MGC

  25. Paragraph 25 calls for a legal conclusion to which a response is not required. To the extent a response to the allegations contained in Paragraph 25 is required, the allegations of Paragraph 25 are denied.

  26. The allegations of Paragraph 26 are admitted to the extent that 29 C.F.R. § 217(a) speaks for itself. Otherwise denied.

  27. The allegations of Paragraph 27 are admitted to the extent that Plaintiff was granted leave pursuant to the FMLA. Otherwise denied.

  28. The allegations of Paragraph 28 are denied.

  29. The allegations of Paragraph 29 are denied.

  The allegations contained in the *ad damnum* clause of Count II are denied, and Defendant demands strict proof thereof.

## JURY DEMAND

Defendant demands trial by jury for all issues so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

  Pleading in the alternative, as and for its first separate and distinct affirmative defense, Defendant would show that, upon information and belief, Plaintiff has failed to mitigate his damages.

### Second Affirmative Defense

  Pleading in the alternative, as and for its second separate and distinct affirmative defense, Defendant would show that it is entitled to a set-off of any claimed damages, for the value of any

*Diaz, Carlos v. Puerto Madero International Corp.*
Case No. 1:13-cv-23505-MGC

overpayments or for any hours not worked.

### Third Affirmative Defense

Pleading in the alternative, as and for its third separate and distinct affirmative defense, Defendant would show that certain services performed by Plaintiff, including any services, or portions thereof, in excess of forty (40) hours per week, were gratuitous, voluntary or performed outside the scope of the responsibilities or duties of Plaintiff, and were performed without the request, direction or supervision of Defendant. Defendant had no actual or constructive knowledge of such hours being worked and had no opportunity to acquire such knowledge through reasonable diligence.

### Fourth Affirmative Defense

Pleading in the alternative, as and for its fourth separate and distinct affirmative defense, Defendant would show that Plaintiff has failed to state a cause of action upon which relief may be granted.

### Fifth Affirmative Defense

Pleading in the alternative, as and for its fifth separate and distinct affirmative defense, Defendant would show that Plaintiff's claims are barred in whole or in part by the exemptions, exclusions, and credits provided for under the FLSA and the regulations promulgated thereunder.

### Sixth Affirmative Defense

Pleading in the alternative, as and for its sixth separate and distinct affirmative defense, Defendant would show that Plaintiff was not terminated, but instead resigned from his employment with the Defendant.

*Diaz, Carlos v. Puerto Madero International Corp.*
Case No. 1:13-cv-23505-MGC

### Seventh Affirmative Defense

Pleading in the alternative, as and for its seventh separate and distinct affirmative defense, Defendant denies that any violation of the Fair Labor Standards Act occurred; however, if any violation did in fact occur, such violation is entirely inadvertent. Accordingly, the two-year limitation prescribed in 29 U.S.C. § 255 applies, rather than the three-year limitation that would apply for a willful violation.

### Eighth Affirmative Defense

Pleading in the alternative, as and for its eighth separate and distinct affirmative defense, Defendant states that it relied in good faith upon the regulations and interpretations under the FLSA, applicable to Plaintiff's employment and acted with a reasonable belief that the pay practices with respect to Plaintiff were in full compliance with the FLSA.

### Ninth Affirmative Defense

Pleading in the alternative, as and for its ninth separate and distinct affirmative defense, Defendant states that Plaintiff is not entitled to recover liquidated damages under the FLSA because Defendant acted in good faith and did not willfully, or with reckless disregard, violate the FLSA.

### Tenth Affirmative Defense

Pleading in the alternative, as and for its tenth separate and distinct affirmative defense, Defendant states that Plaintiff's claims are barred in whole or in part due to the *de minimus* doctrine recognized under the FLSA.

### Eleventh Affirmative Defense

Pleading in the alternative, as and for its eleventh separate and distinct affirmative defense,

*Diaz, Carlos v. Puerto Madero International Corp.*
Case No. 1:13-cv-23505-MGC

Defendant states that it has tendered and/or paid all monies owed to Plaintiff in accordance with all applicable laws, including but not limited to all overtime and minimum wages which may be due under the FLSA and/or the Florida Constitution.

### Twelfth Affirmative Defense

Pleading in the alternative, as and for its twelfth separate and distinct affirmative defense, Defendant states that to the extent Plaintiff is attempting to maintain a collective, representative or class action under the FLSA, Plaintiff cannot establish the existence of any similarly situated individuals willing and/or eligible to participate as party-plaintiffs in this lawsuit, nor can Plaintiff establish entitlement to class certification or notification.

### Thirteenth Affirmative Defense

Pleading in the alternative, as and for its thirteenth separate and distinct affirmative defense, Defendant states that to the extent Plaintiff is attempting to maintain a collective, representative or class action under the FLSA, Defendant asserts that this matter may not be maintained as a collective, representative or class action.

### Fourteenth Affirmative Defense

Pleading in the alternative, as and for its fourteenth separate and distinct affirmative defense, Defendant states that Plaintiff's claims are barred in whole or in part by the estoppel provisions of the Portal-to-Portal Act, to the extent Plaintiff seeks to bring this action as a collective, representative or class action.

### Fifteenth Affirmative Defense

Pleading in the alternative, as and for its fifteenth separate and distinct affirmative defense,

*Diaz, Carlos v. Puerto Madero International Corp.*
Case No. 1:13-cv-23505-MGC

Defendant states that Plaintiff failed to exhaust his administrative remedies.

### Sixteenth Affirmative Defense

Pleading in the alternative, as and for its sixteenth separate and distinct affirmative defense, Defendant affirmatively avers that all actions taken in connection with Plaintiff and/or his employment were taken for legitimate, non-discriminatory and non-retaliatory reasons.

### Seventeenth Affirmative Defense

Pleading in the alternative, as and for its seventeenth separate and distinct affirmative defense, Defendant states that at all relevant times, Defendant has maintained and followed a policy prohibiting retaliation.

### Eighteenth Affirmative Defense

Pleading in the alternative, as and for its eighteenth separate and distinct affirmative defense, Defendant asserts a mixed motive defense and states that to the extent that Defendant committed the acts or omissions as alleged in the Complaint for retaliatory motives, which is denied, such acts or omissions would have been taken in any event for legitimate, non-retaliatory, non-pretextual reasons.

### Nineteenth Affirmative Defense

Pleading in the alternative, as and for its nineteenth separate and distinct affirmative defense, Defendant states that the Complaint is barred in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any alleged retaliatory behavior.

### Twentieth Affirmative Defense

Pleading in the alternative, as and for its twentieth separate and distinct affirmative defense,

*Diaz, Carlos v. Puerto Madero International Corp.*
Case No. 1:13-cv-23505-MGC

Defendant states that insofar as any of Defendant's hiring, assignment, transfer, compensation or promotion policies, or any other employment policy or procedure utilized by Defendant, has had a retaliatory impact on Plaintiff, such policies or practices are lawful because they are job-related and consistent with business necessity.

### Twenty-First Affirmative Defense

Pleading in the alternative, as and for its twenty-first separate and distinct affirmative defense, Defendant states that Plaintiff has not experienced an adverse employment action.

### Twenty-Second Affirmative Defense

Pleading in the alternative, as and for its twenty-second separate and distinct affirmative defense, Defendant states that any actions taken by Defendant with respect to Plaintiff's employment were taken for valid business reasons, and were not taken as a result of Plaintiff's request for FMLA leave.

### Twenty-Third Affirmative Defense

Pleading in the alternative, as and for its twenty-third separate and distinct affirmative defense, Defendant states that no causal connection exists between the FMLA leave taken by the Plaintiff and any adverse employment actions that may have been taken by the Defendant against the Plaintiff.

### Twenty-Fourth Affirmative Defense

Pleading in the alternative, as and for its twenty-fourth separate and distinct affirmative defense, Defendant states that upon Plaintiff's return from his FMLA leave, he was returned to the same position he held before leave was taken.

*Diaz, Carlos v. Puerto Madero International Corp.*
Case No. 1:13-cv-23505-MGC

## Twenty-Fifth Affirmative Defense

Pleading in the alternative, as and for its twenty-fifth separate and distinct affirmative defense, Defendant states that no retaliatory motive exists for the Defendant to take any adverse employment action against the Plaintiff because of the FMLA leave taken by the Plaintiff.

Respectfully submitted,

/s/ Edwin Cruz
_____

Ramy P. Elmasri, Esq.
Florida Bar No. 0083370
Edwin Cruz, Esq.
Florida Bar No. 0055579

*Diaz, Carlos v. Puerto Madero International Corp.*
Case No. 1:13-cv-23505-MGC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served

electronically on this 30th day of September, 2013 to:

Lawrence J. McGuinness, Esq.
McGuinness & Gonzalez, P.A.
1627 S.W. 37th Avenue, Suite 100
Miami, FL 33145
ljmpalaw@comcast.net
paralegal@ljmpalaw.com

                **Vernis & Bowling of Miami, P.A.**
                1680 N.E. 135th Street
                Miami, FL 33181
                Tel:    305-895-3035
                Fax:   305-892-1260

                    /s/ Edwin Cruz
By: _____
                Ramy P. Elmasri, Esq.
                Florida Bar No. 0083370
                Edwin Cruz, Esq.
                Florida Bar No. 0055579
                relmasri@florida-law.com
                ecruz@florida-law.com
                dhorn@florida-law.com

RPE/EC/dmh
1459-131375